12-2586-cr(L)
*United States v. Petrie*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

    At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
>
>     *Circuit Judges.*

---

 UNITED STATES OF AMERICA,

                                   *Appellee,*

        v.                                                    Nos. 12-2586-cr, 12-2590-cr

 SCOTT PETRIE,

                   *Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**          Lisa A. Peebles, Federal Public Defender, James Egan, Research & Writing Attorney, Office of the Federal Public Defender for the Northern District of New York, Syracuse, NY.

1

**FOR APPELLEE:**                                    Lisa M. Fletcher, Assistant United States
Attorney, *for* Richard S. Hartunian, United
States Attorney for the Northern District of
New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Scott Petrie appeals his 42-year prison sentence following his guilty plea to four counts of distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of attempted escape, in violation of 18 U.S.C. § 751. On appeal, Petrie raises two arguments. First, he argues that the District Court procedurally erred by calculating his recommended sentence under the United States Sentencing Guidelines (the "Guidelines") to be life imprisonment rather than the statutory maximum of 165 years' imprisonment. Second, Petrie argues that the length of his sentence is substantively unreasonable and fails to account for the diminished risk he would pose were he to receive proper clinical treatment. We address these arguments in turn, assuming the parties' familiarity with the facts and procedural history of this case.

With regard to Petrie's argument that the District Court procedurally erred in its calculation of the relevant Guidelines recommendation, we review the sentencing court's decision for "plain error" because of Petrie's failure to make a timely objection. *See Puckett v. United States*, 556 U.S. 129, 135 (2009) (explaining "plain error" review). Petrie is correct that the relevant Guidelines range cannot exceed the statutory maximum. *See United States v. Dorvee*, 616 F.3d 174, 180–81 (2d Cir. 2010). Any error by the District Court in this respect, however, was not one that "affected the outcome of the district court proceedings" or "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (quotation marks omitted). In particular, there is no reasonable probability that the District Court could have been influenced by a difference between a recommended prison term of "life" compared to a recommended term of 165 years, which of course is well beyond a human lifetime. *See, e.g., United States v. Ketcham*, No. 11-5097-cr, 2013 WL 49472, at*1 (2d Cir. Jan. 4, 2013) (unpublished summary order) (reaching the same conclusion regarding "the difference between a ninety-year and a lifetime Guidelines sentence" for a 37-year-old defendant).

Secondly, Petrie argues that his 42-year prison sentence—reflecting concurrent 40-year terms on each of the four child pornography counts, and a consecutive 2-year term on the escape count—is substantively unreasonable. We review a district court's sentencing decision for an abuse of

discretion.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations, quotation marks, and alteration omitted).  The substantive reasonableness of a sentence is determined through "individualized application of the statutory sentencing factors."  *Dorvee*, 616 F.3d at 184.  Given the broad deference to a district court's assessment of these factors, our appellate review "is intended to provide a backstop against sentences that are shockingly high," not to test a district court's decision against what we would have done in the first instance.  *Id.* at 183 (internal quotation marks omitted).  Accordingly, "we do not consider what weight we would ourselves have given a particular factor.  Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case."  *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (*en banc*) (internal citation omitted).

Petrie's criminal history includes a New York felony conviction in 1987 for sexually abusing a five-year-old (his sentence was a five-year term of probation, which was revoked in 1990 when he continued to sexually abuse children); a New York felony conviction in 1991 for attempted burglary, during which offense the elderly victims were tied up and struck in the head with a pistol; and New York felony convictions in 1996, again while on parole, on three counts of attempted sexual abuse based on his sexual acts with an 8-year-old, a 7-year-old, and a 5-year-old.  At sentencing, Petrie presented several arguments for why he should receive a sentence at or near the 15-year statutory minimum.  For instance, Petrie's defense counsel argued that his conduct stemmed from untreated psychological problems, and that he also had suffered past abuse as a child and continued to have suicidal thoughts, leading to several suicide attempts.  The defense also pointed to Petrie's relationship with and efforts to care for his mother.

After considering these arguments, the District Court sentenced Petrie to a 42-year prison term.  The Court explained the reasons for its decision as follows:

> The Court believes the sentence imposed is reasonable, just and necessary to achieve the purpose of sentencing.  The defendant poses a serious risk and danger to the community as a predator of children and as a prolific collector and trader of child pornography and child erotica.  As the evidence shows, he amassed large volumes of this material, and he actively traded this material under the name . . . "ilovelittlegirls" . . . .  His chosen internet name, his history of sexually abusing at least four girls ages five, five, seven and eight, and the type of material he collected in order to satisfy his urges to have sex with little girls underscores the danger he presents to this community and his likeliness to reoffend.

Just as significant, the defendant committed the instant offense as a level 3 sexually violent predicate sex offender, which is the highest designation given in the State of New York to those offenders who are at most risk to reoffend and who are likely to engage in predatory sexually violent offenses.

The Court is therefore of the opinion that the imposition of a significant period of incarceration is appropriate in this case, especially given the defendant's violent criminal record, including the sexual abuse of four young girls, his unabashed sexual interest in little girls while trading child pornography as a level 3 sex offender, his domineering attitude toward the other [chatroom] users in on-line chats and threats of not trading his child pornography collection unless the other users provide him with access to their collections, his likeliness to reoffend and his attempted escape while in federal custody.

App'x 148–49. The Court also noted its particular concern with the violent nature of the child pornography that Petrie had collected. *Id.* at 149.

Having reviewed the record and the parties' submissions, we conclude that Petrie's 42-year prison sentence is within the range of permissible decisions. Petrie has demonstrated time and again a failure to control his dangerous sexual proclivities regarding young girls. Although Petrie's defense counsel correctly notes that Petrie's pornography charges did not stem from direct contact with children, that conduct nonetheless shows continued disregard for the horrific damage perpetrated upon children through various forms of sexual misconduct, including the possession and distribution of child pornography. Moreover, Petrie has not demonstrated that he could, and would, receive regular treatment so as to eliminate the threat that he poses to others. Accordingly, Petrie has not shown that the District Court unreasonably determined that a 42-year prison term is not greater than necessary to ensure public safety, in combination with the other sentencing factors. For these reasons, the District Court's sentencing decision did not constitute an "abuse of discretion."

## CONCLUSION

We have reviewed all of Petrie's arguments and find them to be without merit. Accordingly, the judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4